UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Hollis J. Larson,

          Plaintiff,

v.

Bryce Bogenholm et al.,

          Defendants.

Case No. 18-cv-2554 (WMW/DTS)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

---

This matter is before the Court on the July 30, 2019 Report and Recommendation (R&R) of United States Magistrate Judge David T. Schultz, (Dkt. 76), which recommends granting Defendants' motions to dismiss and for judgment on the pleadings and dismissing Plaintiff Hollis J. Larson's complaint. Larson filed timely objections to the R&R, and Defendants responded. For the reasons addressed below, Larson's objections are overruled, the R&R is adopted, and the complaint is dismissed without prejudice.

**BACKGROUND[1]**

Larson, an individual who is civilly committed to the Minnesota Sex Offender Program (MSOP) in Moose Lake, Minnesota, sued nineteen defendants: two Minnesota district court judges and ten MSOP employees (the State Defendants), the City of Moose Lake and two Moose Lake law enforcement officers (the Moose Lake Defendants), along with Carlton County and three Carlton County attorneys (the Carlton County

---

[1] Because the R&R provides a detailed factual and procedural background, the Court only briefly summarizes this litigation.

Defendants). Larson's allegations against Defendants arise from his arrest and prosecution for allegedly assaulting an MSOP employee in 2017. A jury acquitted Larson of the assault charge in March 2018, and Larson commenced this lawsuit approximately five months later in August 2018. Larson's complaint asserts federal civil-rights claims and state-law tort claims against Defendants for unlawful arrest and prosecution. Defendants move to dismiss Larson's claims, or obtain judgment on the pleadings, on various grounds.

The R&R recommends granting Defendants' motions and dismissing Larson's claims. With respect to Larson's federal claims against the Moose Lake Defendants, the R&R concludes that the law enforcement officers are protected by qualified immunity as to Larson's Section 1983 claims for false arrest and detention. The R&R also concludes that Larson fails to state a claim for retaliation, malicious prosecution, conspiracy, or failure to properly screen, hire, and train. With respect to Larson's federal claims against the Carlton County Defendants, the R&R determines that the county prosecutors are protected by absolute prosecutorial immunity and Larson fails to state a claim against Carlton County for false arrest and detention, malicious prosecution, retaliation, conspiracy, or failure to properly hire, train, and supervise. With respect to Larson's federal claims against the State Defendants in their *official* capacities, the R&R concludes that the State Defendants are protected by sovereign immunity as to all claims except those claims that seek prospective injunctive relief. And as to those claims, the R&R determines, Larson fails to state a claim. As to Larson's federal claims against the State Defendants in their *individual* capacities, the R&R concludes that the MSOP investigator

is protected by qualified immunity, the state court judges are protected by judicial immunity, and the MSOP security counselors, along with one of the MSOP supervisors, are protected by witness immunity because the claims against them are based solely on their testimony. Larson fails to state a conspiracy claim against the other MSOP supervisor, according to the R&R. Because the R&R recommends dismissing each of Larson's federal claims, the R&R recommends that the Court decline to exercise supplemental jurisdiction over Larson's state-law claims.

## ANALYSIS

### I. Larson's Objections to the R&R

A district court reviews de novo those portions of an R&R to which an objection is made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *accord* Fed. R. Civ. P. 72(b)(3); LR 72.2(b)(3). The Court liberally construes Larson's complaint and objections because he is proceeding *pro se*. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

#### A. Immunity

Several of Larson's objections pertain to the R&R's determination that Defendants are, in part, protected by qualified or absolute immunity. As an initial matter, Larson argues that immunity determinations involve questions of fact that must be decided by a jury. It is true that disputed facts underlying an immunity determination are decided by a jury. But when the facts are undisputed, the determination of whether defendants are entitled to immunity is a question of law to be decided by the court. *See Littrell v.*

*Franklin*, 388 F.3d 578, 584-85 (8th Cir. 2004) (qualified immunity); *Brown v. Griesenauer*, 970 F.2d 431, 434 (8th Cir. 1992) (absolute immunity). According to Larson, several of the magistrate judge's immunity determinations are based on disputed facts that must be presented to a jury. The Court addresses each argument below.

Larson first objects to the R&R's finding that Larson's actions undisputedly caused the injury to the MSOP security counselor that resulted in Larson's assault charges.[2] The magistrate judge found that this is the only plausible reading of Larson's allegations. The complaint alleges that Larson "fell down, which caused the chain connected to the handcuffs securing him to be pulled through [the MSOP security counselor's] hands resulting in a small cut on [the MSOP security counselor's] little finger." Larson maintains that, because his fall was accidental, he did not *cause* the injury. But the nature of Larson's fall—whether it was intentional or accidental—is immaterial to whether the fall caused the MSOP security counselor's injury. The complaint unambiguously alleges that Larson's fall was a *cause* of the injury. As such, the only dispute as to the circumstances of this incident is whether Larson caused the injury *intentionally* or *accidentally*. The magistrate judge did not err by reaching this determination. For this reason, Larson's objection on this basis is overruled.

Larson next argues that the law enforcement officer defendants are not entitled to immunity because Larson's complaint plausibly alleges that the officers lacked probable cause to arrest him. According to Larson, the facts underlying this allegation are that the

---

[2] This determination underlies the R&R's conclusion that the only alleged defect in the law enforcement officers' probable cause determination was that the officers knew or should have known that the fall was accidental rather than intentional, as Larson does not allege that the officers knew or should have known that the fall did not cause an injury.

4

officers arrested him even though (1) he professed his innocence, (2) the alleged assault is not visible in any video recordings of the incident, and (3) the MSOP employees' reports of the incident were false. Larson's arguments are unavailing for several reasons.

First, Larson provides no legal authority, and the Court is aware of none, that an arrest is unsupported by probable cause merely because the arrestee professes his innocence. Second, as the R&R correctly observes, the allegations in the complaint do not establish that the video recordings of the incident are exculpatory. Instead, the allegations suggest only that the video recordings are ambiguous and not necessarily *inculpatory*.[3] As such, the allegations pertaining to the video recordings do not plausibly establish that Larson's arrest was without probable cause. Third, even when accepting as true Larson's allegations that the MSOP employees falsified their reports of the incident to the law enforcement officers, these allegations do not plausibly demonstrate the absence of probable cause. Indeed, the complaint alleges no facts that even suggest that the officers had any reason to *know* that they had received false information or that their reliance on the information was objectively unreasonable. *See Small v. McCrystal*, 708 F.3d 997, 1003 (8th Cir. 2013) (observing that law enforcement officers are entitled to qualified immunity if they arrest a suspect under the mistaken, but objectively reasonable, belief that they have probable cause to do so). These allegations, viewed together, do not plausibly demonstrate a lack of probable cause. For these reasons, Larson's objection on this basis is overruled.

---

[3] Video recordings of the incident are not included in the record, but Larson's complaint alleges that "there was no footage of [Larson] committing assault" and that the "[v]ideo recordings of the incident show only the hallway . . . and do not show what was happening inside the cell in which [Larson] was detained."

Larson also objects to the R&R's conclusion that the county prosecutors are entitled to absolute prosecutorial immunity. "The Supreme Court has long recognized that prosecutors are absolutely immune from liability under § 1983 for their conduct in initiating a prosecution and in presenting the State's case insofar as that conduct is intimately associated with the judicial phase of the criminal process." *See Woodworth v. Hulshof*, 891 F.3d 1083, 1089 (8th Cir. 2018) (internal quotation marks omitted). Larson's argument as to the county prosecutors is limited to whether they fabricated evidence or unreasonably relied on the evidence underlying the criminal complaint. This assertion, even if true, is not relevant to the prosecutors' immunity. *See id.* (observing that "a prosecutor is immune from suit even if [the prosecutor] knowingly presented false, misleading, or perjured testimony . . . or withheld or suppressed exculpatory evidence" (internal quotation marks omitted) (omission in original)). For these reasons, Larson's objection on this basis is overruled.

### B. Failure to State a Claim

Larson next objects to the R&R's determination that, as to his federal claims from which Defendants are *not* immune, his complaint fails to state a claim.

Larson first disputes the R&R's conclusion that he fails to state a claim of retaliation. The complaint alleges that Larson was arrested and prosecuted for assault in retaliation for filing a civil-rights complaint. But as the R&R observes, Larson's arrest *preceded* his civil-rights complaint. As such, Larson's arrest and the filing of a criminal complaint pertaining to him could not have been in retaliation for actions that had not occurred. In his objections, Larson contends that Defendants retaliated against him by

proceeding with their prosecution even after Larson filed his civil-rights complaint. But these actions are attributable to the county prosecutors, not law enforcement officers. As addressed above, the county prosecutors are protected by prosecutorial immunity, and Larson's objection does not affect that immunity. For these reasons, Larson's objection is overruled.

Larson next argues that the R&R fails to consider Larson's Section 1983 conspiracy claim. But Larson's complaint does not clearly assert such a claim. Moreover, a Section 1983 conspiracy claim must be predicated on an underlying deprivation of a constitutional right or privilege. *See Riddle v. Riepe*, 866 F.3d 943, 948-49 (8th Cir. 2017). When every underlying constitutional claim is dismissed, the Section 1983 conspiracy claim also must be dismissed. *Id.* at 949. Thus, even when Larson's *pro se* complaint is liberally construed as alleging a Section 1983 conspiracy, he fails to state a claim to relief on that basis. Larson's objection on this ground is overruled.

Finally, Larson argues that the R&R erroneously concludes that his malicious-prosecution claim must be dismissed because he has not alleged a constitutional or federal statutory violation. Larson contends that his malicious-prosecution claim is predicated on the absence of probable cause, resulting in a violation of his Fourth Amendment rights. But, as addressed above and in the R&R, Larson has not alleged facts that plausibly establish a lack of probable cause for his arrest or any other constitutional or statutory violation. And nothing in Larson's objections demonstrates that this aspect of the R&R is incorrect. As such, Larson's objection on this basis is overruled.

## II. Clear Error Review

As Larson does not specifically object to any other aspect of the R&R, the Court reviews the remainder of the R&R for clear error. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam); *see also* Fed. R. Civ. P. 72(b) advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015) (observing that objections to an R&R that "are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to *de novo* review, but rather are reviewed for clear error"). Having carefully performed this review, the Court finds no clear error and, therefore, adopts the R&R.

## ORDER

Based on the R&R, the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Plaintiff's objections to the R&R, (Dkt. 79), are **OVERRULED**.

2. The July 30, 2019 R&R, (Dkt. 76), is **ADOPTED**.

3. Defendants' motions to dismiss and for judgment on the pleadings, (Dkts. 20, 52, 56), are **GRANTED**.

4. Plaintiff's complaint, (Dkt. 1), is **DISMISSED WITHOUT PREJUDICE**.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: September 20, 2019                                              s/Wilhelmina M. Wright
                                                                                                        Wilhelmina M. Wright
                                                                                                         United States District Judge